IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LINDA ALDRIDGE,                        )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )        No.  06 C 352
                                       )
FOREST RIVER, INC.,                    )
SPECIFIC CRUISE SYSTEMS, INC.          )
                                       )
            Defendants.                )


## MEMORANDUM OPINION AND ORDER

This case arises from an allegedly defective recreational
vehicle step controller that is used to raise and lower the steps
of a recreational vehicle.    The plaintiff Linda Aldridge
("Aldridge") alleges that on January 20, 2004, she was descending
the steps of her recreational vehicle in Florida when the step
controller retracted, causing her to fall and sustain injuries.
The vehicle was manufactured in Indiana by the co-defendant
Forest River, Inc. ("Forest River"), an Indiana corporation with
its principal place of business in the state of Indiana.    The
step controller was manufactured in Texas by the co-defendant
Specific Cruise Systems, Inc. ("Specific Cruise Systems"), a
foreign corporation with its principal place of business in the
state of Texas.    Aldridge, a citizen of Illinois, brought this
diversity action under 28 U.S.C.A. § 1332 (2006).    Her claims
include strict products liability and negligence claims against

each defendant. Forest River has moved to transfer the case to the Northern District of Indiana. I deny that motion.

This court may transfer venue to another district court for reasons of convenience when it is "in the interest of justice." 28 U.S.C.A § 1404(a). The moving party must show that (1) venue is proper in this district, (2) venue is proper in the transferee district, and (3) the transferee district is more convenient for both the parties and witnesses and transfer would serve the interest of justice. *Bryant v. ITT Corp.*, 48 F. Supp.2d 829, 832 (N.D. Ill. 1999) (Alesia, J.). The only issue disputed between the plaintiff and Forest River is whether the Northern District of Indiana is a more convenient venue for this action.

In determining whether a forum is more convenient, the court must consider the private interests of the parties as well as the public interest of the court. *North Shore Gas Co. v. Salomon, Inc.*, 896 F. Supp. 786, 791 (N.D. Ill. 1995) (Gettleman, J.). The factors relevant to the private interests of the parties include: (1) the plaintiff's choice of forum, (2) the situs of material events, (3) the convenience of the parties, and (4) the convenience of the witnesses. *College Craft Cos., Ltd. v. Perry*, 889 F. Supp. 1052, 1054 (N.D. Ill. 1995). The factors relevant to the public interest of the court include the court's familiarity with the applicable law and concerns relating to the

efficient administration of justice. *Id.* at 1056. The burden is on the moving party to demonstrate that the balance of the factors weighs heavily in favor of transfer and that transfer would not merely shift inconvenience from one party to another. *Fink v. Declassis*, 738 F. Supp. 1195, 1198 (N.D. Ill. 1990) (Bua, J.). The weighing of factors for and against transfer is committed to the sound discretion of the trial court. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). As explained more fully below, Forest River has not met its burden of demonstrating that the balance of these factors weighs in favor of transfer.

## I. Plaintiff's Choice of Forum

A plaintiff's choice of forum is generally given substantial weight, particularly when it is the plaintiff's home forum. *Vandeveld v. Christoph*, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995). Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003) (citations omitted). However, that deference is lessened when another forum bears a stronger relationship to the dispute or the plaintiff's choice of forum has no connection to the material events in question. *Chicago, Rock Island & Pac. R.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955). Material events are

those that give rise to the cause of action. *Von Holdt v. Husky Injection Moldings Sys., Ltd.*, 887 F. Supp. 185, 188-89 (N.D. Ill. 1995) (Castillo, J.). The only connection this forum has to plaintiff's claims is the fact that the plaintiff received medical treatment in Illinois; this does not constitute a material event *giving rise* to the claims. While the plaintiff's choice of forum is entitled some deference, it is but one factor to be considered in this transfer analysis.

## II. Situs of Material Events

Since some of the material events giving rise to Aldridge's claims occurred in the Northern District of Indiana, this factor weighs in favor of transfer. The material events giving rise to each of Aldridge's claims focus on the manufacture of the step controller and its incorporation into the recreational vehicle and not on the accident itself. These are the events that give rise to plaintiff's claims of strict liability and negligent manufacture. *Von Holdt*, 887 F. Supp. at 188-89. *See also Mohamed v. Mazda Motor Corp.*, 90 F. Supp.2d 757, 776 (E.D. Tex. 2000) (denying defendant's motion to transfer in part because "the location of the accident revealing the allegedly defective product is a red herring for transfer analysis in cases where plaintiff is suing for the allegedly defective design and manufacture of the product"). As described above, Specific

4

Cruise Systems manufactured the step controller in Texas and shipped it to Indiana for incorporation into the recreational vehicle. Although ultimately purchased in Tennessee, Aldridge's recreational vehicle was assembled in Forest River's factory in Elkhart, Indiana and placed into the stream of commerce in Indiana. The allegedly defective step controller was sent to Goshen, Indiana (approximately 30 miles from South Bend) for testing and is currently located there, although it is portable and could easily be transported to Illinois. On balance, this factors weighs in favor of transfer.

### III. Convenience of the Parties

Aldridge resides in Dixon, Illinois, approximately 105 miles from Chicago and 200 miles from South Bend, where the courthouse for the Northern District of Indiana is located. She argues that, due to her injuries, it will be extremely inconvenient for her to travel to South Bend. Forest River is based in Elkhart, Indiana, approximately 110 miles from Chicago and 15 miles from South Bend. Forest River maintains no offices in Illinois, and argues it would be inconvenient for its officers to travel from Elkhart to Chicago. Additionally, Forest River argues that the plaintiff has already agreed to travel 105 miles from Dixon to Chicago, and that the additional 95 miles to South Bend will not further inconvenience the plaintiff. It points out that she

chose to file suit in the Eastern Division of the Northern District of Illinois and not the Western Division, which is located in Rockford, Illinois and is only 60 miles from Dixon. However, transferring the action from the Northern District of Illinois to the Northern District of Indiana would merely shift the inconvenience of travel from Forest River to Aldridge. Therefore, this factor weighs in favoring of denying transfer.

## IV. Convenience of the Witnesses

The court, in assessing any inconvenience to potential witnesses, looks beyond the number of witnesses to be called and examines the nature and quality of the witnesses' testimony with respect to the issues in the case. *Vandeveld*, 877 F. Supp. at 1168. Additionally, the party seeking transfer must clearly specify key witnesses to be called and make a general statement as to their testimony. *Id.*

Aldridge has listed two witnesses in her affidavit: her husband, who lives in Dixon and was a witness immediately following the accident as well as to the medical treatment received in the Northern District of Illinois, and Dr. Allen Van, the plaintiff's orthopedic surgeon who resides in DeKalb, Illinois (approximately 65 miles from Chicago and 160 miles from South Bend). Aldridge argues that both of these witnesses would be greatly inconvenienced if the action were to be transferred.

Forest River supports its motion to transfer with a conclusory affidavit of Terry Coddens, Forest River's Corporate Risk Manager, that states that "numerous witnesses, including employees and business associates of Forest River," as well as "engineers and production employees involved with the installation" of the step controller are located in the South Bend area, thereby making the Northern District of Indiana a more convenient forum. While Forest River alludes to numerous potential witnesses, it has named no specific witnesses and has not explained the testimony these witnesses would provide at trial. Without such a statement, this court cannot assess the importance of the witnesses' testimony and the weight any inconvenience should be accorded in the transfer analysis. *See Vandeveld*, 877 F. Supp. at 1168. Even though this litigation is only in its early stages, Forest River is required to make a more specific showing in order to justify transfer. As the moving party, Forest River has failed to meet its burden of demonstrating that the current forum is clearly less convenient for its witnesses. This factor favors denial of transfer.

## V. Interests of Justice

Factors relevant to the interests of justice include the transferor and transferee courts' familiarity with the applicable law and the effect of transfer on the efficient administration of

justice. *College Craft Cos.*, 889 F. Supp. at 1056. *See also Schwartz v. Nat'l Van Lines, Inc.*, 317 F. Supp.2d 829, 837 (N.D. Ill. 2004) (St. Eve, J.). At this point in the litigation, the parties have presented no arguments concerning choice-of-law issues, and I have not yet determined which state's laws will apply. Where a defendant seeks to transfer a case to a new district, the law of the transferor district continues to apply. *Coffey*, 796 F.2d at 221. Therefore, Illinois choice of law principles will apply in this case. Illinois courts apply the "most significant relationship test" to state law tort claims, using the place of injury, place of tortious conduct, domicile of parties and place where the relationship between the parties is centered as factors for determining which law will apply. *Medline Indus. v. Maersk Medical Ltd.*, 230 F. Supp.2d 857, 864 (N.D. Ill. 2002); *Ingersoll v. Klein*, 46 Ill.2d 42, 47-48, 262 N.E.2d 593, 596 (1970). In this case, based on these factors the tort law of Illinois (domicile of plaintiff), Florida (site of the accident), Texas (domicile of a defendant and site of step controller manufacture), Tennessee (site of vehicle purchase) or Indiana (domicile of a defendant and site of vehicle manufacture) could apply.[1] Regardless of what substantive law ultimately

_____

[1]Forest River has not argued in its motion that the tort law of Indiana, to which it seeks to have the case transferred, would

applies, this court will be better able to apply Illinois choice of law rules than the Northern District of Indiana.

Additionally, the efficient administration of justice can be achieved in either district. Based on the 2005 Federal Court Management Statistics, in 2005 the average time for a case to proceed from filing to disposition was 6.9 months in the Northern District of Illinois and 10.7 months in the Northern District of Indiana. The median number of months between filing to trial was 27 months in the Northern District of Illinois versus 31 months in the Northern District of Indiana. Because Forest River has not shown that the transferee district is clearly more convenient for the parties and that transfer is in the interests of justice, this factor weighs in favor of denying transfer.

VI.

On balance, the factors in this case weigh in favor of retaining the case in the Northern District of Illinois, Eastern Division. Accordingly, Forest River's motion to transfer is denied.

ENTER ORDER:

_____
Elaine E. Bucklo
United States District Judge

Dated: June 23, 2006

_____

ultimately apply.

9