IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LINDA ALDRIDGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| FOREST RIVER, INC., a Foreign Corporation; ) | |
| and SPECIFIC CRUISE SYSTEMS, INC., a ) | |
| Foreign Corporation, ) | |
| ) | |
| Defendants. ) | No.: 1:06-cv-00352 |
| ) | |
| FOREST RIVER, INC., ) | |
| ) | |
| Cross-Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SPECIFIC CRUISE SYSTEMS, INC., ) | |
| ) | |
| Cross-Defendant. ) | |

## DEFENDANTS SPECIFIC CRUISE SYSTEMS, INC.'S AND FOREST RIVER, INC.'s JOINT MOTION FOR SUMMARY JUDGMENT

Defendants, SPECIFIC CRUISE SYSTEMS, INC., ("SCS"), by its attorneys at KNIGHT HOPPE KURNIK & KNIGHT, LTD., and FOREST RIVER, INC.'s, by its attorneys, CLAUSEN MILLER P.C. pursuant to Fed.R.Civ.P. 56, hereby move for summary judgment on Plaintiff's claims. SCS and Forest River, Inc. have filed a joint memorandum in support of this Motion, and has adopted its statement of facts from its original Motion for Summary Judgment. In support of their Motion, SCS and Forest River, Inc. state as follows:

1.      On January 20, 2006, Plaintiff filed a complaint against SCS and Forest River, pursuant to theories of strict liability and negligence. SCS answered Plaintiff's complaint denying all substantive allegations.

2.      Plaintiff's complaint is brought under diversity jurisdiction, pursuant to 28 U.S.C. §1332. There is complete diversity of the parties and Plaintiff has alleged that her injuries total more than $75,000.

3.      Plaintiff subsequently abandoned her claim for negligence and the only remaining claim is one for strict product design defect liability.

4.      This Court's footnote 4 in its Order dated November 3, 2009 questioned whether Plaintiff had any proof of a manufacturing defect. The record demonstrates that the actual step stair controller was tested on an exemplar motor home and functioned as it should. It was x-rayed by expert Kragh and found to contain no evidence of a manufacturing defect. Thus, any potential claim of a manufacturing defect has no support in fact and any inference that a manufacturing defect exists is negated here.

5.      Successive motions for summary judgment are proper where they avoid an unnecessary trial. *See Kim v. Conagra Foods, Inc.*, 01 C 2467, 2003 WL 22669035 at *2 (N.D. Ill. November 10, 2003) (Hart, J.). Because this Motion for Summary Judgment resolves all issues in this case, this Court should exercise its discretion which would result in substantial savings of expenses for the parties and judicial resources and grant SCS's successive motion for summary judgment.

6.      Pursuant to this Court's Opinion and Order dated December 11, 2007, Florida law governs the strict liability count in this case.

7. Plaintiffs' product liability claim based on a design defect under Florida law as applied by the Florida district courts and affirmed by the Eleventh Circuit Court of Appeals requires expert testimony. *See Humphreys v. General Motors, Corp.*, 839 F.Supp. 822, 826-27 (N.D.Fla. 1993) *aff'd.* 47 F.3d 430 (11th Cir. 1995) (Table): *See Worsham v. A.H. Robins Co.*, 734 F.2d 676, 685 (11th Cir. 1984).

8. Plaintiff's theory of "electronic noise" and the issues related to the electronic circuitry of the step controller are scientific and engineering principles which are beyond the common experience and knowledge of the jury and require expert testimony. *See Worsham*, 734 F.2d at 685.

9. Plaintiffs' expert, James Des Jardins, has been barred by this Court from testifying in this case because his reasoning and methodology do not meet the *Daubert* standard of reliability. See Order dated November 3, 2009 at p. 5.

10. Without expert testimony, Plaintiff must invoke the *Cassisi* inference to permit the jury to infer a product defect to survive summary judgment.

11. Plaintiff cannot rely on the *Cassisi* inference to establish a defect or causation in her design defect claim because the *Cassisi* inference is applicable in manufacturing defect cases only. *Cooper v. Old Williamsburg Candle Corp.*, No. 8:08-cv-386-T-33MAP, 2009 WL 2605221 at *3 (M.D. Fla. August 21, 2009).

12. Because Plaintiff relies on nothing more than her version of events to establish a design defect she cannot lay out the factual predicate necessary to invoke the *Cassisi* inference; and her claim must fail. Accordingly, Defendants are entitled to summary judgment as a matter of law. *Humphreys*, 839 F.Supp. at 828-29.

WHEREFORE, SPECIFIC CRUISE SYSTEMS, INC. and FOREST RIVER, INC. respectfully request that this Court grant their Motion for Summary Judgment in its entirety.

Respectfully submitted,

/s/ Byron D. Knight
Byron D. Knight, of Knight, Hoppe, Kurnik & Knight, Ltd., Attorneys for Specific Cruise Systems, Inc.

/s/ Richard G. Howser
Richard G. Howser, of Clausen Miller P.C., Attorneys for Forest River, Inc.

KNIGHT, HOPPE, KURNIK & KNIGHT, LTD.
Attorneys for SPECIFIC CRUISE SYSTEMS, INC.
5600 North River Road, Suite 600
Rosemont, Illinois 60018-5114
Telephone: (847) 261-0700
Facsimile: (847) 261-0714
E-Mail: Bknight@khkklaw.com

CLAUSEN MILLER P.C.
Attorneys for Forest River, Inc.
10 South LaSalle Street, Suite 1600
Chicago, IL 60603
(312) 855-1010

5400 Mot. Summary Judgment 09-11-12

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys of record herein, hereby certifies that on November 16, 2009, the foregoing Defendants Specific Cruise Systems, Inc.'s and Forest River, Inc.'s Joint Motion for Summary Judgment was electronically filed with the Clerk of the U.S. District Court using the CM/ECF System, which will send notification of such filing to the following:

- **Mary Frances Blazek Kruger**
  mkruger@clausen.com

- **Richard G. Howser**
  rhowser@clausen.com

- **Edmund J. Scanlan**
  ejs@scanlanlawgroup.com

/s/ Bryon D. Knight
Byron D. Knight of KNIGHT, HOPPE, KURNIK & KNIGHT, LTD.


/s/ Richard G. Howser
Richard G. Howser of CLAUSEN MILLER P.C.


KNIGHT, HOPPE, KURNIK & KNIGHT, LTD.
Attorney for Defendant Specific Cruise Systems, Inc.
5600 N. River Road, Suite 600
Rosemont, IL 60018-5114
(847) 261-0700
(847) 261-0714 (fax)

CLAUSEN MILLER P.C.
Attorneys for Forest River, Inc.
10 South LaSalle Street, Suite 1600
Chicago, IL 60603
(312) 855-1010

5400 Mot. Summary Judgment 09-11-12