IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LINDA ALDRIDGE, | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:06-cv-00352 |
| v. | ) | |
| | ) | JURY DEMANDED |
| FOREST RIVER, INC., a foreign corporation, and SPECIFIC CRUISE SYSTEMS, INC., a foreign corporation, | ) ) ) | Judge: Elaine E. Bucklo |
| Defendants. | ) | |
| FOREST RIVER, INC., | ) | |
| Cross-Plaintiff, | ) | |
| v. | ) | |
| SPECIFIC CRUISE SYSTEMS, INC., | ) | |
| Cross-Defendant. | ) | |

## DEFENDANT FOREST RIVER'S MOTION FOR JUDGMENT AS A MATTER OF LAW

NOW COMES defendant, FOREST RIVER, INC., by its attorneys, RICHARD G. HOWSER and CLAUSEN MILLER, P.C., and pursuant to Federal Rule of Civil Procedure 50(a), moves this Honorable Court for an order granting judgment as a matter of law in favor FOREST RIVER, INC. and against plaintiff, LINDA ALDRIDGE. In support thereof, defendant state as follows:

1.  Plaintiff filed a strict products liability suit against Forest River, Inc. ("Forest River") and Specific Cruise Systems, Inc. ("SCS") alleging that she sustained serious injuries when the automatic steps on her 2004 Georgetown recreational vehicle unexpectedly retracted. Plaintiff has proceeded to trial on a manufacturing defect theory of liability, and specifically claims that the steps malfunctioned due to a defect in the step control module.

1

1279470

2. Under Florida law, strict liability actions require a plaintiff to prove that (1) a product (2) produced by a manufacturer (3) was defective or created an unreasonably dangerous condition (4) that proximately caused (5) injury. *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1257 (11th Cir. 2002). In the instant case, plaintiff has failed to present sufficient evidence tending to establish that the step control module was defective or that it proximately caused her injuries. As such, Forest River is entitled to judgment as a matter of law.

## Standard For Judgment As A Matter Of Law

3. Judgment as a matter of law is appropriate if there is no "legally sufficient evidentiary basis" for a reasonable jury "to find for [a] party on [an] issue." Fed. R. Civ. P. 50(a)(1). "In other words, the question is simply whether the evidence as a whole, when combined with all reasonable inferences permissibly drawn from that evidence, is sufficient to allow a reasonable jury to find in favor of the plaintiff." *Hall v. Forest River, Inc.*, 536 F.3d 615, 619 (7th Cir. 2008). However, a scintilla of evidence in support of the non-moving party's position is not sufficient to successfully oppose a directed verdict in favor of the moving party; "there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

## Plaintiff Has Not Presented Sufficient Evidence That The Step Control Module Was Defective

4. Under Florida law, plaintiff may establish that a product was defective by providing circumstantial evidence that the product "malfunctioned" during "normal operation." *Cassisi v. Maytag Co.*, 396 So.2d 1140, 1148 (Dist. Ct. App. Fla. 1981). Such an inference then establishes a *prima facie* case for jury consideration. *Id.* Here, no direct evidence exists evidencing a defect in the step control module, and, thus, plaintiff must rely on the *Cassisi* inference in order to maintain her products liability claim. Plaintiff, however, has presented, at

2

best, a scintilla of evidence that the step control module malfunctioned during ordinary use, and, thus, her claim cannot survive a motion for directed verdict.

5. As an initial matter plaintiff's own self-serving testimony regarding the alleged malfunction of the step control module is insufficient to defeat a motion for directed verdict. The Eleventh Circuit, in agreeing with various other jurisdictions, has specifically noted that such evidence cannot establish a cognizable claim for jury consideration. *U.S. v. Davis*, 809 F.2d 1509, 1513 (11th Cir 1987). Furthermore, the Florida Court of Appeal made clear in *Ainsworth v. KLI, Inc.* that the *Cassisi* inference is improper where only the plaintiff "knew the details of whether he was using the [product] in a normal fashion and how the [product] may have malfunctioned, especially where there were not the visible and unmistakable signs of product malfunction present in cases like *Cassisi* where there is a fire or other event which actually damages the product as it malfunctions." 967 So.2d 296, 303 (Fla. Dist. Ct. App. 2007). Here, there were no eye-witnesses present at the time of the accident, and, thus, plaintiff alone knows the details of the products use and alleged malfunction. Therefore, her testimony cannot establish an inference of defectiveness.

6. The testimony of Michael Scott provides no additional support for plaintiff's claim that the step control module malfunctioned, and in fact calls into question the only documents which actually indicate that a malfunction occurred. Scott specifically testified that he "never diagnosed the defect, . . . never saw the part fail," and simply replaced the step control module as instructed. He also stated that he does not know who examined the step control module or who created the VanLand documents which state that a malfunction occurred. Accordingly, Scott's testimony establishes only that the step control module was replaced, and

3

1279470

adds credence to the notion that the documents which indicate that the control malfunctioned are not based on accurate information.

7. The documents referred to by Scott similarly provide little, if any, evidence that the step control module malfunctioned during normal use, as they are untrustworthily and do not accurately reflect any tests preformed on the control. Scott specifically stated that he was unable to identify the VanLand employees who allegedly examined the step control, and plaintiff has not presented any evidence, in the form of testimony or otherwise, indicating that such an examination was actually conducted. Therefore, the statements in the VanLand documents are untrustworthy and do not provide the jury with a reasonable basis for concluding that the step control module was defective.[1]

8. Finally, plaintiff has not offered any expert opinions or reports tending to establish that the step control malfunctioned during ordinary use. Florida law is clear that plaintiffs "must present evidence-*most likely through expert testimony*," that the product malfunctioned during ordinary use in order for *Cassisi* to apply. *Humphreys v. General Motors*, 839 F.Supp. 822, 828 (N.D. Fla. 1993) (emphasis added). In fact, the Eleventh Circuit has only ever applied *Cassisi* in cases in which the plaintiff has introduced expert testimony in support of its allegations. *See McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1258-59 (11th Cir. 2002) (expert testimony that catheter should not have burst); *Edic v. Centry Products Co.*, 364 F.3d 1276, 1285-86 (11th Cir. 2004) (expert testimony that child restraint system should have restrained child); *Wrosham*, 734 F.2d at 685 n.8 (expert testimony regarding malfunction of Dalkon Shield). Such testimony is noticeably lacking in the instant case, and, thus, plaintiff has failed to provide a sufficient evidentiary basis to allow a reasonable jury to decide in her favor.

---

[1] To the same extent, the warranty forms from Forest River, which also indicate a failure in the step control, were produced on the basis of the unreliable information provided by VanLand, and therefore, also cannot provide a reasonable basis for concluding that the step control module was defective.

4

9. As plaintiff fails to present any expert testimony in support of her allegations that the step control module malfunctioned during ordinary use and offers only untrustworthy documents and self-serving testimony in support of her claim, a legally sufficient evidentiary basis is lacking and no reasonable jury could find in plaintiff's favor on her strict liability claim. Consequently, judgment as a matter of law in favor of Forest River is proper.

### Plaintiff Has Not Presented Sufficient Evidence Establishing That The Step Control Module Was The Cause Of Her Injuries

10. Florida products liability law provides that a plaintiff must prove that her injuries were proximately caused by a product in defective condition. *Cassisi*, 396 So.2d at 1142. A plaintiff must establish that, but for the defendant's conduct, the injury would not have occurred. *Haller v. AstraZeneca Pharmaceuticals LP*, 598 F.Supp.2d 1271, 1304 (M.D. Fla. 2009). "A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant." *Reaves v. Armstrong World Industries, Inc.*, 569 So.2d 1307, 1309 (Fla. Dist. Ct. App. 1990).

11. The only evidence offered by plaintiff as to causation is her own self-serving testimony. As the Fifth Circuit noted, "[w]here there is no relevant support for self-interested testimony a jury must not be allowed to speculate as to causation. A directed verdict, or judgment notwithstanding the verdict, is the proper safeguard against such speculation by the jury." *Ralston Purina Co., v. Hobson*, 554 F.2d 725, 729 (5th Cir. 1977). Plaintiff's allegations as to the cause of the accident are not corroborated by any eye-witness testimony and are not supported by expert reports or opinions. Therefore, a directed verdict in favor of Forest River is appropriate, as any finding of causation by the jury will be based on mere speculation.

1279470

12. Furthermore, even if plaintiff's testimony were not self-serving, her statements are sufficient only to raise a mere possibility that her injuries were caused by the step control module. Specifically, plaintiff has failed to establish that the step control itself caused the stairs to move or in any way contributed to her fall, and has not presented any expert testimony in that regard. In addition, plaintiff previously stated to her doctor that she simply missed a step while descending the stairs, thereby establishing the possibility that her fall was not caused by any defect in the step control. In light of the many possible reasons for plaintiff's fall and the lack of any expert testimony to establish causation, it is clear that any causal link found between the step control and plaintiff's injuries would be pure speculation or conjecture, and therefore improper.

13. Plaintiff has not presented a legally sufficient evidentiary basis on which a reasonable jury could find in her favor on a strict liability claim, which precludes consideration of such a claim by the jury. Specifically, plaintiff has failed to present sufficient evidence tending to establish that the step control module was defective or that her injuries were caused by control. As such, judgment as a matter of law in favor of Forest River is appropriate.

WHEREFORE, for the foregoing reasons, defendant, FOREST RIVER, respectfully requests that this Honorable Court enter an order granting judgment as a matter of law in favor FOREST RIVER, INC. and against plaintiff, LINDA ALDRIDGE.

Respectfully submitted,

s/ Richard G. Howser
RICHARD G. HOWSER
Attorney for Defendant Forest River, Inc.
CLAUSEN MILLER P.C.
10 South LaSalle Street
Chicago, Illinois 60603-1098
Telephone: 312/606-7575
Fax: 312/606-7777
rhowser@clausen.com

1279470

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 10th day of December, 2009, he did electronically file the foregoing with the Clerk of the Court using electronic filing system which sent notification of such filing to the parties who are registered participants with the System. I hereby certify that I did mail or deliver a true and correct copy of the foregoing document to any non CM/ECF participant.

*s/Richard G. Howser*
RICHARD G. HOWSER